GREGORY POINT MARINE RAILWAY COMPANY *vs.* GEORGE W. SELLECK.

In trover for certain articles belonging to the equipment of a vessel, the plaintiffs alleged a title by virtue of a lien for repairs on the vessel. Held that, upon the trial, they could not rest upon a mere possessory title, but must prove the particular title alleged.

And held that they could not show that a claim of lien on their part was a part consideration for the delivery of the property into their possession by the owner of the vessel.

Trover for sundry articles belonging to the equipment of a vessel; brought to the Court of Common Pleas of Fairfield County. The declaration was as follows:

In a plea of the case, whereupon the plaintiffs declare and say that on or about the 1st day of December, 1873, they were possessed of a certain main-sail of the value of sixty dollars, a certain jib of the value of thirty dollars, a certain top-sail of the value of ten dollars, a certain boat-yawl of the value of twenty dollars, a certain small anchor of the value of twenty dollars, with chain, a certain mast of the value of twenty-five dollars, a certain anchor of the value of fifty dollars, certain rigging and blocks of the value of fifty dollars, and all of the value of two hundred and sixty-five dollars; said enumerated articles being part of the shipwrecked sloop "Mary A. Selleck," formerly owned and mastered by Capt. Holly Hubbard of said Norwalk, and upon which sloop and all the parts thereof the plaintiffs had a lien at the time of the shipwreck of said sloop, for repairs and improvements made upon said sloop long before said shipwreck, at the request of the captain and owner aforesaid; and that, by reason of said lien, the plaintiffs were entitled to the parts aforesaid, and they were their proper estate; and being so possessed, the plaintiffs afterwards, to wit, on the 2d day of December, 1873, at said Norwalk, lost the several articles before mentioned out of their hands and possession, which afterwards, to wit, on said 2d day of December, 1873, came into the hands and possession of the defendant by finding; and though the defendant well knew that said articles belonged to the plaintiffs as aforesaid, yet he has at all times neglected and refused to deliver said articles to the plaintiffs, though often requested, and particularly on the 4th day of December, 1873; and the defendant afterwards, on the 4th day of December, 1873, converted and disposed of the same to his own use; to the damage of the plaintiffs, &c.

The case was tried to the court, on the general issue, before *De Forest, J.* The court found the following facts:

The plaintiffs, in July, 1873, at Norwalk in this state, made certain necessary repairs to the value of $181.24 upon the

sloop Mary A. Selleck, a domestic vessel belonging at Norwalk, at the request of one Hubbard, the captain and owner of the vessel.

Upon the completion of the repairs the plaintiffs delivered the vessel, upon which they claimed a lien for the repairs, to Hubbard, who thereafter continued to use it in carrying freight to and from Norwalk until some time in October, 1873, when the vessel was wrecked in the Sound near Stamford, and totally lost, with the exception of certain sails, rigging, spars, an anchor, chain and yawl-boat, which were removed from the wreck by Hubbard, and are the articles claimed in the plaintiffs' declaration.

A part of the articles never came into the possession of the plaintiffs, and they claimed them in this action solely by virtue of a lien which they contended they had for the repairs which they had made upon the vessel.

Certain other of the articles, to wit: one anchor and chain, one gaff and block, and one yawl-boat, were, shortly after the wreck of the vessel, in consideration of the plaintiffs' claim for the repairs, and of their claim of lien on the articles, delivered to the plaintiffs by Hubbard, and were taken into their possession at their yard at Norwalk.

Shortly after the delivery of the last-mentioned articles to the plaintiffs, Hubbard, at the request of the defendant, and with the assistance of the defendant's servants, without the knowledge or consent of the plaintiffs, removed the articles from their yard and delivered them to the defendant, who took them into his possession and still retains them, under a claim of right so to do by virtue of a certain mortgage held by him upon the vessel.

After the articles had come into the defendant's possession, the plaintiffs made demand of him for them, stating that they had a right to them because of the repairs they had made on the vessel. It was not proved that the defendant knew, when the articles were removed by Hubbard from the yard of the plaintiffs and delivered to him, that Hubbard had delivered the articles to the plaintiffs upon their claim of lien, but the defendant did know at the time that the articles were on the plaintiffs' premises.

The court held, as matter of law, that the plaintiffs had no lien on the articles for the repairs, and that they were not entitled to the possession of them as against the defendant by virtue of any such lien simply.

The defendant objected to all evidence of the delivery of the articles to the plaintiffs by Hubbard, on the ground that the declaration alleged the plaintiffs' title to be by virtue of the lien, and that the evidence was immaterial and irrelevant to the issue as to the plaintiffs' title, because it was to show a title different from that stated in the declaration. The defendant also claimed that the plaintiffs' claim of title, other than from a lien by operation of law, was a surprise to him, which he was therefore unprepared to meet with evidence at the trial, and that the plaintiffs were estopped from availing themselves of such other title in this proceeding, by the manner and form of their demand on him for the surrender of the articles in controversy.

But the court overruled the claim of the defendant, and rendered judgment for the plaintiffs to recover the value of the articles delivered to them by Hubbard. The defendant thereupon moved for a new trial for error in the rulings of the court.

*W. R. Smith,* in support of the motion, contended that the rules of pleading held the plaintiffs to proof of title by virtue of a lien, as set forth in their declaration, and that they could not introduce evidence of a possessory title or a title acquired in any other way than as alleged; citing 1 Chitty Pl., 228, 385.

*I. M. Bullock,* contra.

We take no exception to the ruling of the court, that, as a principle of law, the plaintiffs had no lien upon the parts of the wreck that never came into their possession. The question here is simply, whether the plaintiffs upon the declaration are entitled to a judgment for the value of those articles which were stealthily and illegally taken from their possession by the defendant. It is claimed that the evidence offered

tends to show a title different from that alleged. The declaration alleges a possession, followed by a parenthetical clause, setting forth a right of possession. The clause relative to title may well be considered merely a mode of stating how the plaintiffs were entitled to possession. *Fuller* v. *Naugatuck R. R. Co.*, 21 Conn., 571. The object of the action of trover is to try the right of possession. The declaration must allege either *property* or *possession* in the plaintiff and a conversion by the defendant. If either *property* or *possession* is proved the case is made out. In alleging property or possession the same particularity of description is not required as formerly. 1 Swift Dig., 657; Gould Pl., (4th ed.,) 172; *Ashmead* v. *Kellogg*, 23 Conn., 76. That the evidence offered tends to show a legal possession as alleged and that the property was the legal estate of the plaintiffs cannot be questioned. It also tends to show that that possession was demanded and acquired *in part* upon the claim of lien, set forth in the declaration; that the consideration of that claim *in part, and in part only*, induced Hubbard to deliver the property, and that it was in consideration in part of that claim that possession was received by the plaintiffs. The evidence was material and relevant to show that Hubbard and the plaintiffs believed in the plaintiffs' title by virtue of the lien in the transfer of the articles. It was also relevant to show the character of the possession. *Clark* v. *Hale*, 34 Conn., 402. It was also relevant to show the terms of the demand upon the defendant. The plaintiffs' claim in the demand was based upon "the repairs made on the vessel." Even if the evidence was not strictly applicable to the allegations, a new trial should not be granted on account of the admission of such evidence, unless it appears that the evidence so admitted was improperly applied in the decision of the case. *Harris* v. *Holmes*, 30 Verm., 352. There was no improper application here, for the court held that the plaintiffs had no lien, and that they were not entitled to possession of the articles by virtue of such lien simply.

PARDEE, J. The plaintiffs in their declaration explicitly stated that their right to the immediate possession of the

anchor, chain, boat and other articles named therein, rested entirely upon the fact that they had repaired a domestic vessel, of which those articles were a part, at her home port, at the request of her owner and captain, and that thereby there had come into existence as security for the amount due for the repairs, a lien in their favor upon the vessel and all her parts, which entitled them to such possession. They chose to limit themselves to one of the several different methods of acquiring title to personal property; by this precise averment as to the nature of their right to sue, under the rules of pleading, they assumed the burden of proving that right as they had stated it. They now say that the declaration was unnecessarily precise in statement, and that no more was required of them than to allege a mere possession. But when the pleader in a material averment narrows the issue he is held closely within his self-imposed limitations. Therefore the plaintiffs, not having contented themselves with the general averment that they were lawfully possessed of the anchor, &c., as of their own property; having made a particular statement of a special title, and issue having been joined thereon; failing, as the court has found, to prove it as alleged; in the absence of any amendment of the pleadings, they were not then entitled to the privilege of introducing evidence for the purpose of proving a new issue, a different title. No opportunity was given to the court to reject any portion of the averment of title as unnecessary; the statement of it is so pointed that it is incapable of division; so clear that there is no place for doubt as to its meaning. It is made to rest upon the lien; if that is taken away, nothing remains to support the case.

The plaintiffs argue that the evidence received under objection tended to show "that possession was demanded and acquired *in part* upon the claim of lien set forth in the declaration; that the consideration of that claim *in part, and in part only*, induced Hubbard to deliver the property, and that it was in consideration in part of that claim that possession was received by the plaintiffs;" but, the difficulty still remains; no such dual title is set out in the declaration; the pleader

left himself no foundation for such an application of the evidence, nor for such an argument.

As has been said, the court finds that no lien ever existed. Presumably the defendant knew this, and that he could successfully defend his claim to the property. It is his privilege to take the pleadings into consideration in deciding whether he will expose himself to a bill of costs in contesting the issue made by them.

Upon the record it is quite clear that the possessory right upon which the judgment for the plaintiffs is based was established by the evidence objected to by the defendant; and that the right thus proven is variant from the special right set out in the declaration and was not in issue upon the pleadings.

There should be a new trial.

In this opinion the other judges concurred.